UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LISA STEPHENS                                                                                                    Plaintiff

v.                                                                                        Civil Action No. 3:24-cv-00356-RGJ

BROWN WOOD PRESERVING COMPANY,                                                               Defendant
INC., SFH INDUSTRIES, INC. AND
KOPPERS UTILITY AND INDUSTRIAL
PRODUCTS INC.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendants Koppers Utility and Industrial Products Inc. ("Koppers"), SFH Industries Inc. ("SFH Industries"), and Brown Wood Preserving Company Inc. ("Brown Wood"), move for dismissal. [DE 7; DE 8]. Lisa Stephens ("Stephens") responded [DE 10], and Koppers, SFH Industries, and Brown Wood replied [DE 11; DE 12]. This matter is ripe. For the reasons that follow, Koppers', SFH Industries', and Brown Wood's Motions to Dismiss [DE 7; DE 8] are **GRANTED in part** as to Stephens' Title IIV claim and **DENIED in part as MOOT** as to the remaining state law claims. The Federal Title IIV claims in Count III are **DISMISSED without prejudice**. Because the Court declines to exercise supplemental jurisdiction over the remaining state-law claims, the case is **REMANDED** to state court.

I.      BACKGROUND

On May 20, 2024, Stephens timely sued Koppers, SFH Industries, and Brown Wood in Jefferson County Circuit Court. [DE 1-1 at 7]. The Complaint alleges that Stephens was forced to resign from her position as Chief Financial Officer of Brown Wood due to abuse and harassment she received because of her sexual orientation. [*Id*. at 8-9]. Stephens asserts claims of wrongful constructive termination (Count I), intentional infliction of emotional distress (Count

1

II), and discrimination under the Kentucky Civil Rights Act ("KCRA") and Title IIV of the Civil Rights Act of 1964 ("Title IIV") (Count III). [DE 1-1 at 7-11.]. Stephens does not plead that she exhausted all administrative remedies before suing under Title IIV. [*Id*.]. On June 13, 2024, SFH Industries filed notice for removal to the Western District of Kentucky. [DE 1 at 1]. Removal of this suit was based on Count III, disability discrimination under Title IIV, pursuant to federal question jurisdiction under 28 U.S.C. § 1331. [*Id*. at 2]. The remaining state law claims were removed pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendants Koppers, SFH Industries, and Brown Wood now move for dismissal on all counts. [DE 7; DE 8].

## II.     ANALYSIS

Because this suit is in federal court based on federal question jurisdiction over the Title IIV discrimination claim in Count III, the Court will address dismissal of this claim first.

### 1. Motion to Dismiss Title IIV Claim in Count III

Before bringing a federal discrimination suit under Title VII, the ADA requires that an employee exhaust administrative remedies by filing a relevant charge of discrimination with the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The EEOC will then investigate to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e–5(b). If the EEOC finds that the charge has a reasonable basis, it will issue the employee a right-to-sue letter. 29 C.F.R. § 1601.28(b). After a right-to-sue letter is issued, an employee has ninety days to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e–5(f)(1).

Obtaining a right-to sue letter is not jurisdictional, but rather a "condition precedent" to filing a Title VII action, subject to equitable tolling and waiver. *Rivers v. Baberton Bd. of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385

(1982)); *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1487 (6th Cir. 1989) ("every circuit presented with the issue has decided that the receipt of a right-to-sue letter prior to the filing of a Title VII action is not a jurisdictional prerequisite, but rather a precondition subject to equitable tolling and waiver"). If a plaintiff has not obtained a notice of right-to-sue before bringing suit, Courts will generally dismiss Title IIV claims. *See Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003) (affirming dismissal without prejudice for failure to obtain notice of right-to-sue). When a plaintiff obtains a right-to-sue letter after filing suit, dismissal is not warranted. *Portis v. State of Ohio*, 141 F.3d 632, 634 (6th Cir. 1998) (collecting cases, and allowing the subsequent receipt of the notice to cure the non-jurisdictional filing defect).

Koppers, SFH Industries, and Brown Wood argue that Stephen's Title IIV claim must be dismissed as Stephens failed to obtain a right-to-sue letter and exhaust all remedies before filing suit. [DE 7 at 40; DE 8 at 67]. Stephens contends that dismissal of this claim is not warranted as they are concluding their EEOC claim and "expect to have a right-to-sue letter shortly." [DE 10 at 82]. The Court has not been provided a right-to-sue letter since filing and Stephens' complaint does not plead that she has obtained a right-to-sue letter or exhausted administrative remedies. [DE 1-1 at 7-11]. *See Sack v. Barbish*, No. 1:21-CV-00364-PAB, 2021 WL 4148725, at *5 (N.D. Ohio Sept. 13, 2021). In her response Stephens admits that she had not exhausted all administrative remedies before bringing a Title IIV claim. Stephens states that "Plaintiff is believed to be in the process of concluding the EEOC claim." [DE 10 at 82]. The response uses the phrase "*believed to be* in the process." [*Id.* (emphasis added)]. As an initial matter, if Plaintiff does not "know" whether she is in the process or not, it calls into question the veracity of whether the EEOC claim has been filed and Plaintiff has provided no evidence of this filing to

3

the Court. Further, if Stephens is still in the process of concluding her EEOC claim, she has not yet exhausted all administrative remedies. *Oliver v. Titlemax*, 149 F. Supp. 3d 857, 863 (E.D. Tenn. 2016) ("Until an employee receives a right to sue letter from the EEOC, she has not exhausted her administrative remedies and may not file suit under the ADA." (citing 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a))). Stephens' response also states explicitly that she "expect[s] to have a right to sue letter shortly," which logically follows that Stephens does not possess a right-to-sue letter. [*Id.*]. As such both Motions to Dismiss are **GRANTED without prejudice** as to the Title IIV claim of Count III. [DE 7; DE 8].

    2.  **Remand of Remaining State Law Claims**

Dismissal of the sole federal claim creates a question of whether this court should continue to exercise supplemental jurisdiction over the remaining state law claims or remand the case. *See* 28 U.S.C. § 1367(c)(3); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). The Title IIV claim in Count III is the only federal claim contained in the Complaint. [DE 1-1 at 7-11]. The remaining claims are Count I, wrongful constructive termination, Count II, intentional infliction of emotional distress, and Count III, discrimination under the KCRA. [*Id.*]. Because all federal claims will be dismissed, this Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331 and must determine whether to maintain supplemental jurisdiction over Stephens' remaining state law claims against Koppers, SFH Industries, and Brown Wood, or remand them back to state court. *Johnny's Lunch Franchise, LLC*, 668 F.3d 850. This decision is "purely discretionary." *Id*.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.

1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"). But there are circumstances where a district court should retain supplemental jurisdiction despite the dismissal of all underlying federal claims. *Carnegie-Mellon Univ. v. Cohill* sets forth several factors the Court should consider in determining whether to retain jurisdiction, including the "values of judicial economy, convenience, fairness, and comity." 484 U.S. 343, 350 (1988); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

First, this litigation is still in its early stages as the initial disclosure deadline for discovery has not yet passed and neither this Court nor the parties have invested significant time in the litigation. [DE 19 at 219]. Additionally, the Court does not anticipate an "undue amount of wasted or duplicative effort that will result from having to re-file . . . in state court." *DePiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1999). As a result, the first *Carnegie-Mellon* factor, judicial economy, would not be substantially furthered by exercising supplemental jurisdiction over the remaining state-law claims. *Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010). Second, the risk of inconvenience is negligible. All necessary parties will remain parties before the state court on remand. *Emlyn Coal Processing of Minn., LLC v. Xinergy Corp.*, No. 6:09-CV-128-HAI, 2011 WL 1988249, at *1 (E.D. Ky. May 19, 2011) (no inconvenience or unfairness in remanding when all necessary parties would remain parties in state court). Likewise, nothing in the parties' briefs or the record indicates that remand would cause inconvenience. Thus, this *Carnegie-Mellon* factor also weighs in favor or remand. Third, remand serves the interest of fairness. Stephens originally filed this suit in state court and would not be prejudiced if the Court remands the case to the forum that she chose. *Kinser v. Logan*

5

*Cnty. Sch. Dist.*, No. 1:13-CV-00186-GNS, 2015 WL 3549843, at *3 (W.D. Ky. June 4, 2015). The Court also finds no discernable prejudice to Koppers, SFH Industries, or Brown Wood. Finally, the remaining claims arise under state law and are thus better decided by the state court. *Anderson v. Bd. of Educ. of Fayette Cnty.*, 616 F. Supp. 2d 662, 671 (E.D. Ky. 2009). Comity to state courts is a substantial interest that carries a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Accordingly, all four *Carnegie-Mellon* factors weigh in favor of remand, and the Court **REMANDS** Stephens' claims against Koppers, SFH Industries, and Brown Wood to Jefferson County Circuit Court.

### III. CONCLUSION

For all the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Koppers's Motion to Dismiss [DE 7] is **GRANTED in part and DENIED in part as MOOT**.

2. SFH Industries and Brown Wood's Motion to Dismiss [DE 8] is **GRANTED in part and DENIED in part as MOOT**.

3. The Federal Title IIV claim in Count III is **DISMISSED without prejudice**.

4. As this Court declines to exercise supplemental jurisdiction over the remaining state law claims, this case is **REMANDED** to state court.

Rebecca Grady Jennings, District Judge
United States District Court

March 3, 2025

cc: Jefferson Circuit Court, Case No. 24-CI-003485